**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**JEAN OSCAR**
    Reg. No. 01796-104

    Petitioner,
v.                                              Case No. 1:22cv228/AW/MAF

**FCC COLEMAN, USP 2, et al.**

    Respondent.
_____/

## ORDER, REPORT AND RECOMMENDATION

Petitioner Jean Oscar, a federal inmate proceeding pro se, has filed an amended Petition for Writ of Habeas Corpus, (ECF No. 9), as instructed. He has also filed several other pleadings, including a "Motion for Physical and Mental Examination Independence…" (ECF No. 5), a Deposition Motion (ECF No. 6), a Request for Notice of Pleading (ECF No. 7), a pleading titled "Admissible Evidence" (ECF No. 8), and a "Supplemental Claim" (ECF No. 10). He has not paid the $5.00 filing fee. *See* ECF No. 2.

The Court directed Petitioner to file an amended petition because it could not discern the basis for his claims and the requested relief. (ECF No. 2). The Court has now reviewed the amended petition and determines it fails to state a claim that would be cognizable in this court under § 2241.

1

Except in limited circumstances not applicable here, jurisdiction over a § 2241 petitions lies only in the district of a petitioner's confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442-444 (2004); *Padgett v. Warden, USP Atlanta*, 745 F. App'x 859, 862 (11th Cir. 2018). The *Rumsfeld* Court specifically stated that a petitioner seeking to challenge his present physical custody in the United States "should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld*, 542 U.S. at 447.

Petitioner is currently incarcerated at the Federal Correctional Complex in Coleman Florida. He names "FCC Coleman 2 et al." as respondents in this action. The undersigned may take judicial notice of the fact that the city of Coleman is in Sumter County Florida, which is in the Middle District of Florida. *See also United States v. Pruitt*, 417 F. App'x 903, 904 n. 2 (11th Cir. 2011) (noting that Coleman, Florida is in the Middle District of Florida). Therefore, the petition should have been filed in that court.

Since jurisdiction is not proper in this court, and the petition as presented does not state a cognizable claim under § 2241,[1] transferring it to

---

1 In Grounds One and Two, labeled "Mental Defective" and "Maltreatment" respectively, Petitioner appears to challenge the conditions of his confinement. ECF No. 9 at 3. Such claims would not arise under § 2241. Ground Three purports to relate to Petitioner's conviction and sentence, which Petitioner alleges were obtained in violation of the U.S. Constitution or Federal Law. ECF No. 9 at 4. A challenge to Petitioner's conviction and sentence would arise either under § 2255 in the district of conviction (in this case, the Southern District of Florida), or in limited circumstances under § 2241 in the district of confinement. Finally, Ground Four is the "Affirmative Consent Requirement." ECF No. 9 at 4. Petitioner references changes in policies that could impair an individual's rights and specifically notes "a rule that

the district where Petitioner is confined would be futile and not in the interests of justice. *See Queen v. Nalley*, 250 F. App'x 895, 896 (10th Cir. 2007) ("In considering a transfer, a court is authorized to take a [quick look] at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed.") (quotation omitted); *Watts v. United States*, Case CV421-059, 2022 WL 1721458, at *2 (S.D. Ga. Apr. 28, 2022) (citing cases and declining to transfer a meritless petition). Thus, it should be dismissed, and all pending motions will be denied as moot in light of the recommendation of dismissal.

Based on the foregoing, it is **ORDERED:**

1. Petitioner's "Motion for Physical and Mental Examination Independence…" (ECF No. 5) is **DENIED.**

2. Petitioner's Deposition Motion (ECF No. 6) is **DENIED**.

3. Petitioner's Request for Notice of Pleading (ECF No. 7) is **DENIED**.

---

sexual partners must have each other's positive, clear consent to each phase of sexual activity, esp. penetration." ECF No. 9 at 4. The basis for any relief is unclear. Petitioner did not answer the question on page 6 of the form asking him to explain the relief requested in the petition, and the attached memorandum offers no information that would support jurisdiction in this Court under § 2241 or any other federal statute.

And it is respectfully **RECOMMENDED** that:

1. The amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 9) be **DISMISSED**.

2. The Clerk of Court be directed to close the file.

**IN CHAMBERS** at Tallahassee, Florida, on October 13, 2022.

> s/ MARTIN A. FITZPATRICK
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**